**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA**

v                                                                              **CASE NO: 5:12-cr-45-Oc-22PRL**

**JOSHUA STEPHEN WOFFORD**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Pursuant to Local Rule 6.01(c)(16), on February 21, 2020, I conducted the Final Probation Revocation Hearing of the Defendant on the Petition for Warrant or Summons for Offender Under Supervision filed June 29, 2020 by Probation Officer Wesley Evans.

In the Petition, Probation Officer Wesley Evans alleges the Defendant was in violation of:

- Supervised Release Standard Conditions

Which states that while on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

**New criminal conduct, Possession of a Controlled Substance without a Valid Prescription, occurring on December 25, 2019, while on supervision in violation of the conditions of supervision:** On December 25, 2019, in Eustis, Florida, the defendant possessed a Xanax Pill. He was subsequently charged with Possession of a Controlled Substance without a Valid Prescription in Lake County, Florida, case number 35-2019-cf- 003485-A-XXXXX.

**Failure to submit to urinalysis in violation of the Mandatory Conditions of Supervision:** On June 16, 2020, the defendant failed to submit a periodic urine specimen for drug testing as directed by the probation officer on June 16, 2020. The defendant attempted to conceal a device in his pants to fabricate his drug test.

- Condition 7

Which states that the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Illegal drug use for Xanax and Marijuana, on December 27, 2019, in violation of Condition seven of the Standard Conditions of Supervision:** On December 27, 2019, the defendant admitted verbally and in writing that he had been taking Xanax and smoking marijuana during the month of December 2019.

**Positive urinalysis for marijuana on February 20, 2020, in violation of Condition seven of the Standard Conditions of Supervision:** On February 20, 2020, the defendant provided a urine specimen, which was analyzed and yielded positive results for the presence of marijuana. This information was provided by Dismas Charities Residential Reentry Center, Orlando, Florida. The defendant admitted verbally to smoking marijuana.

The Defendant admitted violating the Conditions as set forth in the Petition for Warrant or Summons for Offender Under Supervision.

Accordingly, the undersigned finds that the Defendant has violated the terms of his probation and respectfully recommends that the Court enter an Order to Show Cause why his Supervised Release should not be revoked.

The Defendant has been restored to probation supervision pending sentencing.

Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

Recommended in Ocala, Florida on this 21ST day of July, 2020.

Copies furnished to:

Counsel of Record
District Judge

_____
PHILIP R. LAMMENS
United States Magistrate Judge